NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

Drew Bradford,

Plaintiff,

v.

Joe Bolles, et al.,

Defendants.

Civ. No. 13-1910

**OPINION**

THOMPSON, U.S.D.J.

This matter appears before the Court upon the motion to dismiss brought by Defendants Joe Bolles and others (hereinafter, "Judiciary Defendants").[1] (Doc. No. 42). Plaintiff Drew Bradford (hereinafter, "Plaintiff") does not oppose the motion.[2] The Court has decided the motion after considering the parties' written submissions and without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons given below, Judiciary Defendants' motion to dismiss will be granted.

BACKGROUND

This case involves a suit for money damages against members of the state judiciary for their attempts to limit Plaintiff's communications with the court.

---

[1] The other Judiciary Defendants involved in the present motion are employees or members of the state judiciary: Mary Braunschweiger, Eugene Farkas, Trial Court Administration, Honorable Glenn A. Grant, J.A.D., Meryl Nadler, Patrice Rindok, and the Administrative Office of the Courts. (Doc. No. 41).

[2] After this motion to dismiss was filed, Plaintiff retained John Charles Allen, Esquire as counsel in this matter. (Doc. No 42). Since being retained, counsel requested and received three extensions of time to file opposition to the present motion. (Doc. Nos. 43, 44. 45, 46, 47, 48).

1

On or about March 27, 2013, Plaintiff, who was *pro se* at the time, filed a complaint against Judiciary Defendants and other defendants, claiming violations of the United States Constitution and the New Jersey State Constitution. (Doc. No.1). Plaintiff also raised several tort claims. The present motion and recited facts only concern the allegations against Judiciary Defendants.

At some point during or after October 2011, Plaintiff reported allegations of evidence tampering to Judiciary Defendant Joseph Bolles, the Assistant Civil Division Manager for the New Jersey Judiciary. Plaintiff claims that Bolles has been "severely harassing Plaintiff for years" and retaliated against Plaintiff for making this report by "falsely" telling his supervisor, Eugene Farkes, that Plaintiff left "voluminous" and harassing voicemails for court staff. (Doc. No. 1 at 11). Farkes responded to this allegation by banning Plaintiff from "all telephone [] communications" with courts in Somerset, Warren and Hunterdon counties. (*Id*. at 11, 12).[3]

Plaintiff also alleges that, around November or December of 2011, Bolles made offensive religious remarks to Plaintiff when discussing a certain case. Bolles also allegedly lied to a judge regarding one of Plaintiff's other cases, causing that case to be dismissed. (*Id*. at 13-14).

Plaintiff states that he then sought assistance from the Acting Administrative Director of the Courts, the Honorable Glenn A. Grant. Judge Grant similarly limited Plaintiff's communications with the court and court staff. (*Id*. at 14, 17). On April 11, 2012, Meryl Nadler, Counsel to the Administrative Director, also informed Plaintiff that he had to communicate in writing to court staff. (*Id*. at 13). On April 18, 2012, Mary Braunschweiger, Civil Division Manager, informed Plaintiff that he could only engage in written communication with the court.

---

[3] It is unclear when Plaintiff first learned of this restriction; however, Farkas formally informed Plaintiff of this telephone ban in a letter dated February 2012. (*Id*.).

2

(*Id*. at 15).  Braunschweiger also allegedly informed Plaintiff that she was the only person with whom Plaintiff could communicate.  (*Id*.).  Plaintiff also alleges that Patrice Rindok, Court Services Supervisor, provided certain false information to court officials that caused the police to remove Plaintiff from the courthouse.  (Doc. No. 1 at 15).

Plaintiff generally claims that Judiciary Defendants: (1) are conspiring to deny him his rights because Plaintiff is "exposing corruption in Somerset County;" (2) have violated his First Amendment rights of freedom of speech, assembly and religion; and (3) have deprived Plaintiff of due process and equal protection.  (*Id*. at 15, 22-24).  Plaintiff also alleges breach of contract, libel, fraud, intentional infliction of emotional distress, negligent infliction of emotional distress, and conspiracy against Judiciary Defendants.  (*Id*. at 25-31, 36).

With respect to all relevant counts, Plaintiff seeks damages in the form of "actual damages, compensatory damages, consequential damages, punitive damages, and costs of suit." (*See e.g. id.* at 27, 28).

## DISCUSSION

1. Legal Standards

    a. **Federal Rule of Civil Procedure 12(b)(1)**

"Federal Rule of Civil Procedure 12(b)(1) provides that a party may bring a motion to dismiss for lack of subject matter jurisdiction." *Ballentine v. United States,* 486 F.3d 806, 810 (3d Cir. 2007).  "The party invoking federal jurisdiction bears the burden of establishing the elements of standing, and each element must be supported in the same way as any other matter in which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation." *Focus v. Allegheny Cnty. Court of Common Pleas,* 75 F.3d 834, 838 (3d Cir. 1996) (citations omitted).

"When standing is challenged on the basis of the pleadings, [courts must] accept as true all material allegations in the complaint, and . . . construe the complaint in favor of the complaining party." *Id.* (citations omitted). However, when the challenging party presents a factual challenge, "the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Petruska v. Gannon Univ.*, 462 F.3d 204, 302 n. 3 (3d Cir. 2006).

### b. Federal Rule of Civil Procedure 12(b)(6)

A motion under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint. *Kost v. Kozakiewicz*, 1 F. 3d 176, 183 (3d Cir. 1993). The defendant bears the burden of showing that no claim has been presented. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). When considering a Rule 12(b)(6) motion, a district court should conduct a three-part analysis. *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'take note of the elements a plaintiff must plead to state a claim.'" *Id*. (quoting *Ashcroft v. Iqbal*, 56 U.S. 662, 675 (2009)). Second, the court must accept as true all of a plaintiff's well-pleaded factual allegations and construe the complaint in the light most favorable to the plaintiff. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). The court may disregard any conclusory legal allegations. *Id*. Finally, the court must determine whether the "facts are sufficient to show that plaintiff has a 'plausible claim for relief.'" *Id*. at 211 (quoting *Iqbal*, 556 U.S. at 679). Such a claim requires more than a mere allegation of an entitlement to relief or demonstration of the "mere possibility of misconduct;" the facts must allow a court reasonably to infer "that the defendant is liable for the misconduct alleged." *Id*. at 210, 211 (quoting *Iqbal*, 556 U.S. 678-79).

*2. Analysis*

The Eleventh Amendment bars suits by individuals against states or their agencies unless immunity has been waived. *See Pennsylvania Fed'n of Sportsmen's Club, Inc. v. Hess,* 297 F.3d 310, 323–24 (3d Cir. 2002). Sovereign immunity "also bars a suit against a state official in his or her official capacity because it 'is not a suit against the official but rather is a suit against the official's office.'" *Garden State Elec. Inspection Servs., Inc. v. Levin,* 144 Fed. Appx. 247, 251 (3d Cir. 2005) (quoting *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71 (1989)). Therefore, "[a]s a matter of law, suits against individuals acting in their official capacities are barred by the Eleventh Amendment." *Smith v. Hayman,* No. 09–2602, 2012 WL 1079634, at *22 (D.N.J. Mar. 20, 2012) (quoting *Holland v. Taylor,* 604 F.Supp.2d 692, 699 (D. Del. 2009)). The Eleventh Amendment does not, however, bar a suit against a state official acting in his or her individual capacity, even if the actions which are the subject of the suit were part of his or her official duties. *See Hafer v. Melo,* 502 U.S. 21, 31 (1991).

Qualified immunity is also immunity from suit. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). However, when analyzing qualified immunity, the Court asks two different questions: 1) "whether the plaintiff has alleged the deprivation of an actual constitutional right at all;" and 2) "whether that right was clearly established at the time of the alleged violation." *Wilson v. Layne*, 526 U.S. 603, 609 (1999). The latter question "turns on the objective legal reasonableness of the action, assessed in light of the legal rules that were clearly established at the time it was taken." *Pearson v. Callahan*, 555 U.S. 223, 244 (2009). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the

Constitution," under color of law.  *Iqbal*, 556 U.S. at 676; *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999).

Here, each Judiciary Defendant against whom these claims are brought is either a state agency or state official acting in an official capacity as an employee or member of the state judiciary branch.  Moreover, Plaintiff does not show that Plaintiff's ability to communicate with the court employees over telephone is a well-established right, nor does Plaintiff state in the Complaint that he is suing any Judiciary Defendant in his or her individual capacity.  *See Saucier v. Katz*, 533 U.S. 194, 201 (2001) (requiring a violation of a well-established right).  For the reasons set forth above, Judiciary Defendants are entitled to immunity.

## CONCLUSION

For the reasons set forth above, Judiciary Defendants' motion to dismiss will be granted.

*/s/ Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.