NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| DREW BRADFORD, | |
| Plaintiff, | Civ. No. 13-1910 |
| v. | **MEMORANDUM OPINION** |
| JOE BOLLES, et al., | |
| Defendants. | |

THOMPSON, U.S.D.J.

     Presently before the Court are multiple motions filed by Plaintiff Drew Bradford and by Summit Defendants.[1] On October 20, 2014, Plaintiff filed a Motion to File Out of Time, a Motion for Reconsideration of this Court's August 4, 2014 Opinion and Order,[2] and a Motion to Amend Plaintiff's Complaint. (Doc. No. 52). Subsequently on October 24, 2014, Summit Defendants filed a Motion for Judgment on the Pleadings and a Motion for Summary Judgment on Count I of their Counterclaim. (Doc. No. 54). On December 1, 2014, this Court held a show cause hearing to address the apparent abandonment of Plaintiff's lawyer. This lawyer failed to appear, and Mr. Bradford represented to the court that he would be proceeding *pro se*. On that same day, Plaintiff filed a Motion for Sanctions against Summit Defendants and their counsel. (Doc. No. 66). After reviewing the parties' written submissions and considering the parties'

---

[1] These Defendants include: the City of Summit, the Summit Police Department, Captain Steve Zagorski, Andrew Bartolotti, and W. Paul Kelly.

[2] This Opinion and Order granted the Judiciary Defendants' Motion to Dismiss. (Doc. No. 49, 50). The Judiciary Defendants include: Joe Bolles, Mary Braunschweiger, Eugene Farkas, the Honorable Glenn A. Grant, J.A.D., Meryl Nadler, Patrice Rindok, the Trial Court Administration, and the Administrative Office of the Courts.

1

December 1, 2014 oral arguments, all of Plaintiff's Motions will be denied, Summit Defendants' Motion for Judgment on the Pleadings will be granted and their Motion for Summary Judgment will be dismissed as moot.

I.  Plaintiff's Motions

Local Civil Rule 7.1(i) requires any Motions for Reconsideration to be filed within 14 days after the entry of the order or judgment on the original motion. Plaintiff's Motion for Reconsideration was filed on October 20, 2014, more than two months after the Court's August 4, 2014 Order was entered. Nevertheless, in light of Plaintiff's recent abandonment by his lawyer, the Court has considered Plaintiff's Motion for Reconsideration and finds no grounds for reconsideration. In order to succeed on a motion for reconsideration, the moving party must demonstrate (1) an intervening change in controlling law; (2) the availability of new, previously unavailable evidence, or (3) the need to correct a clear error of law or to prevent manifest injustice. *See North River Ins. Co. v. CIGNA Reins. Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995). Reconsideration is an "extraordinary remedy" and thus granted "very sparingly." *Ivan v. Middlesex Cnty.*, 612 F. Supp. 2d. 546, 551 (D.N.J. May 6, 2009). After reviewing Plaintiff's briefs in support of his Motion (Doc. No. 52, 53, 60, 62, 67), Plaintiff has demonstrated no facts, no change in controlling law, and no clear error of law or manifest injustice that warrants reconsideration. Therefore, Plaintiff's Motion to File Out of Time will be dismissed as moot, and his Motion for Reconsideration will be denied.

Plaintiff's Motion to Amend the Complaint seeks to add a new Judiciary Defendant, Elizabeth Lipari. Under Fed. R. Civ. P. 15(a)(2), leave to amend the complaint is freely granted unless there is undue delay, bad faith, undue prejudice, or futility. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). Here, Plaintiff's amendment would be futile. The Court's August 4, 2014

2

Opinion granted Judiciary Defendants' Motion to Dismiss on the basis of these Defendants' immunities, among other reasons. (Doc. No. 49 at 6). As a fellow staff member of Somerset County court, Ms. Lipari enjoys the same immunities as her co-workers, the Judiciary Defendants. Therefore, Plaintiff's proposed amendment to his Complaint is futile, and his Motion to Amend the Complaint will be denied.

Finally, Plaintiff brings a Motion for Sanctions against Summit Defendants, their counsel, and counsel's firm. (Doc. No. 66). Fed. R. Civ. P. 11 allows the court in its discretion to impose appropriate sanctions against attorneys and parties who have signed and filed pleadings, motions, or other papers that after reasonable inquiry are not grounded in fact or warranted by law. Such sanctions should be imposed only in the "exceptional circumstance" and should be guided by equitable considerations. *Doering v. Union Cnty Bd. Of Chosen Freeholders*, 857 F.2d 191, 194–95 (3d Cir. 1988). After reviewing Plaintiff's Motion (Doc. No. 66) and in light of the dispositive ruling in favor of Summit Defendants (see below), the Court does not find any grounds for sanctions here. Therefore, Plaintiff's Motion for Sanctions will be denied.

II.     Summit Defendants' Motions

In assessing a Motion for Judgment on the Pleadings under Fed. R. Civ. P. 12(c) the Court must accept as true all of a plaintiff's well-pleaded factual allegations, construe the complaint in the light most favorable to the nonmoving party, and determine whether the movant is entitled to judgment as a matter of law. *See Mele v. Fed. Reserve Bank of N.Y.,* 359 F.3d 251, 253 (3d Cir. 2004). Here, all of Plaintiff's claims against the Summit Defendants are time-barred or otherwise precluded as they stem from events that occurred between 2005 and 2006. 42 U.S.C. § 1983 claims are subject to the statute of limitations applicable to the underlying personal injury claim in the state in which the claim arises. *See Kach v. Hose*, 589 F.3d 626, 634

(3d Cir. 2009).  In New Jersey, the statute of limitations for personal injury claims is two years from the date of accrual.  *See* N.J.S.A. 2A:14-2.  Plaintiff's claims of false arrest, false imprisonment, malicious prosecution, conspiracy to maliciously prosecute, and failure to investigate an arrest accrued in 2005 or 2006 and are thus time barred since Plaintiff did not file his Complaint until March 27, 2013.  In addition, Plaintiff's claims against the City of Summit and the Summit Defendants are covered by a contractual release signed by Plaintiff and arise out of the same set of facts that were the subject of Plaintiff's Superior Court claim in the *Bradford v. Gleason* case.  Thus, these claims are also precluded by the terms of the Release and by New Jersey's Entire Controversy Doctrine, N.J. Ct. R. 4:30A, res judicata, and collateral estoppel.  Lastly, to the extent that Plaintiff asserts a claim based on the false testimony of one of the Summit Defendants, there is no such cause of action.  Therefore, Summit Defendants' Motion for Judgment on the Pleadings is granted, and judgment will be entered in favor of Summit Defendants.

During the hearing on December 1, 2014, Summit Defendants stated that they would withdraw their Counterclaims and instead seek reasonable attorneys' fees from Plaintiff for defending the lawsuit.  Therefore Summit Defendants' Motion for Summary Judgment on Count I of their Counterclaim will be dismissed as moot, and the Court will direct Summit Defendants to timely file their Motion for Attorneys' Fees, including an affidavit of services.

*/s/ Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.